WILLIAM C. LUCAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lucas v. Commissioner
Docket No. 20032-91
United States Tax Court
T.C. Memo 1992-207; 1992 Tax Ct. Memo LEXIS 227; 63 T.C.M. (CCH) 2693; April 7, 1992, Filed *227 An appropriate order and decision will be entered. Mary E. Wynne, for respondent. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1] It is before us on respondent's motion to dismiss for failure to state a claim for relief and to impose a penalty under section 6673. By separate notices of deficiency, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1984
$   315
$ 100.00
$ 15.75
50% of the
interest due
on $ 315
1985
1,394
183.50
69.70
50% of the
interest due
on $ 1,394
Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1987
$ 4,121
$ 553.00
$ 206.05
50% of the
interest due
on $ 4,121 Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
1988
$ 3,455
$ 346.25
$ 172.75
*228 Petitioner contested respondent's determinations in a letter to this Court which was not in conformance with our Rules for a proper petition. We filed the document as the petition in this matter, but ordered petitioner to submit an amended petition conforming to the Rules. Petitioner submitted a first amended petition, which we filed on November 1, 1991. Respondent timely filed an answer and subsequently moved for judgment on the pleadings. A hearing on the motion was set for February 10, 1992. In lieu of his appearance at the hearing, petitioner submitted a written statement pursuant to Rule 50(c) in opposition to respondent's motion. He also submitted a second amended petition which was filed on the February 10 hearing date. Respondent thereupon filed her written motion to dismiss for failure to state a claim upon which relief can be granted and also requested that we impose a penalty upon petitioner under section 6673. Respondent's motion for judgment on the pleadings will be denied as moot and we will grant her motion to dismiss for failure to state a claim, but decline to impose a section 6673 penalty. The deficiencies and additions to tax reflected in the statutory *229 notices are based upon respondent's determination that petitioner failed to report various amounts of income and failed to file required income tax returns. Petitioner's first and second amended petitions do no more than make only general allegations that respondent's determinations are erroneous. Neither petition sets forth facts upon which petitioner bases such broad assignments of error. For example, the petitions do not dispute the amounts of unreported income determined, that petitioner received such amounts, or that returns were not filed. Rule 34(b) requires that a petition filed in this Court contain clear and concise assignments of each and every error which petitioner alleges to have been committed by the Commissioner, and clear and concise statements of the facts on which petitioner bases such assignments of error. See Rule 34(b)(4) and (5). Petitioner has failed to include such statements in his petition, though he has been given ample opportunity to do so, and therefore has not placed a justiciable issue before us. Further, we note that petitioner's failure to contest that he had unreported income or that he had not failed to file his tax returns in a timely manner *230 shall be deemed a concession of such matters. Rule 34(b)(4). We are accordingly constrained to dismiss the action for petitioner's failure to state a claim upon which relief can be granted. Whenever it appears to this Court that a taxpayer's position in a proceeding is frivolous or groundless, or that the proceeding was instituted primarily for delay, we may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Sec. 6673(a). Under the circumstances of this case, in our discretion we have decided not to impose a penalty pursuant to section 6673. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩